**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| PGHC Holdings, Inc. | Case No. 18-12537 (___) |
| Debtor. | |
| Federal EIN: 14-1924262 | |
| In re | Chapter 11 |
| Papa Gino's Holdings, Inc., | Case No. 18-12538 (___) |
| Debtor. | |
| Federal EIN: 33-0506681 | |
| In re | Chapter 11 |
| Papa Gino's, Inc., | Case No. 18-12539 (___) |
| Debtor. | |
| Federal EIN: 33-0491264 | |
| In re | Chapter 11 |
| Papa Gino's Franchising Corp., | Case No. 18-12540 (___) |
| Debtor. | |
| Federal EIN: 06-1342690 | |
| In re | Chapter 11 |
| D'Angelo's Sandwich Shops, Inc., | Case No. 18-12541 (___) |
| Debtor. | |
| Federal EIN: 48-1137947 | |

| | |
|---|---|
| In re | Chapter 11 |
| Papa Gino's/D'Angelo Card Services, Inc., | Case No. 18-12542 (___) |
| Debtor. | |
| Federal EIN: 20-3580621 | |
| In re | Chapter 11 |
| Progressive Food, Inc. | Case No. 18-12543 (___) |
| Debtor. | |
| Federal EIN: 04-2546224 | |
| In re | Chapter 11 |
| D'Angelo Franchising Corporation, | Case No. 18-12544 (___) |
| Debtor. | |
| Federal EIN: 04-3518398 | |
| In re | Chapter 11 |
| Delops, Inc., | Case No. 18-12545 (___) |
| Debtor. | |
| Federal EIN: 48-1137945 | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A**, directing the joint administration of these cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Corey D. Wendland in Support of First Day Relief* (the "Wendland Declaration") filed concurrently herewith. In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

4. On November 5, 2018 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. No trustee, examiner, or official committee has been appointed in these cases. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtors are leading owner-operators of quick-service restaurants in New England under the Papa Gino's and D'Angelo Grilled Sandwiches brands.

6.        Additional detail regarding the Debtors, their business, the events leading to commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the Wendland Declaration and is incorporated herein by reference.

## RELIEF REQUESTED

7.        By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, directing joint administration of these cases for procedural purposes only.

8.        The Debtors also request that (a) the Court maintain one file and one docket for the jointly-administered chapter 11 cases under the case number assigned to PGHC Holdings, Inc., and (b) these chapter 11 cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| PGHC Holdings, Inc., *et al.*, | Case No. 18-12537 (___) |
| Debtors.[1] | Jointly Administered |

---

[1]        The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: PGHC Holdings, Inc. (4262); Papa Gino's Holdings Corp. (6681); Papa Gino's, Inc. (1264); Papa Gino's Franchising Corp. (2690); Papa Gino's/D'Angelo Card Services, Inc. (0621); D'Angelo's Sandwich Shops, Inc. (7947); Progressive Food, Inc. (6224); D'Angelo Franchising Corporation (8398); and Delops, Inc. (7945).  The Debtors' mailing address is 600 Providence Highway, Dedham, MA 02026.

9.        The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

10.     The Debtors also request that an entry be made on the docket of each of

the Debtors' cases, other than the case of PGHC Holdings, Inc., to reflect the joint administration

of these cases, substantially similar to the following:

> An Order has been entered in accordance with rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and rule 1015-1 of the
> Local Rules of Bankruptcy Practice and Procedure of the United
> States Bankruptcy Court for the District of Delaware directing
> joint administration of the chapter 11 cases of the following
> entities: PGHC Holdings, Inc.; Papa Gino's Holdings Corp.; Papa
> Gino's, Inc.; Papa Gino's Franchising Corp.; Papa
> Gino's/D'Angelo Card Services, Inc.; D'Angelo's Sandwich
> Shops, Inc.; Progressive Food, Inc.; D'Angelo Franchising
> Corporation; and Delops, Inc.  The docket in the chapter 11 case of
> PGHC Holdings, Inc., Case No. 18-12537 (___), should be
> consulted for all matters affecting the chapter 11 cases of any of
> the foregoing entities.

11.     Further, the Debtors request that the Court authorize them to utilize a

combined service list for the jointly-administered chapter 11 cases and that combined notices

may be sent to the Debtors' creditors where appropriate.

## BASIS FOR RELIEF

12.     Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in

the same court by or against . . . a debtor and an affiliate, the court may order a joint

administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as that

term is defined under section 101(2) of the Bankruptcy Code, as each Debtor is a wholly owned

direct or indirect subsidiary of PGHC Holdings, Inc.  Accordingly, this Court is authorized to

grant the relief requested herein.

13.     Additionally, Local Rule 1015-1 provides that this Court may order joint

administration without notice or a hearing upon the filing of a motion requesting such joint

administration and an affidavit or verification establishing that joint administration is warranted

and will ease the administrative burden for the Court and the parties.

14.     As set forth in the Wendland Declaration, entry of an order directing joint administration of the Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties.  The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 11 cases.  By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

15.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors, and should be granted.

## NOTICE

16.     Notice of this Motion is not required pursuant to Local Rule 1015-1.


*[Remainder of Page Left Intentionally Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: November 5, 2018
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Matthew B. Harvey*
Derek C. Abbott (No. 3376)
Matthew B. Harvey (No. 5186)
Eric W. Moats (No. 6441)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@mnat.com
mharvey@mnat.com
emoats@mnat.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*