**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>PGHC Holdings, Inc., *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 18-12537 (MFW)<br><br>Joint Administration Requested<br><br>**Objection Deadline: TBA**<br>**Hearing Date: TBA** |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO THE PETITION DATE, AND (B) ABANDON PERSONAL PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

---

**\* \* \***
**THIS MOTION SEEKS AUTHORITY TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. THE LEASES AFFECTED BY THIS MOTION ARE LISTED ON EXHIBIT 1 (WHICH IS ATTACHED TO EXHIBIT A, THE PROPOSED ORDER). EACH LEASE IS IDENTIFIED BY THE NAME OF THE LESSOR(S). LESSORS ARE LISTED ALPHABETICALLY ON EXHIBIT 1. THE DEBTORS SEEK TO REJECT THE LEASES IDENTIFIED ON EXHIBIT 1 AND ABANDON CERTAIN PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES.**
**\* \* \***

---

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion"), pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order substantially in

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: PGHC Holdings, Inc. (4262); Papa Gino's Holdings Corp. (6681); Papa Gino's, Inc. (1264); Papa Gino's Franchising Corp. (2690); Papa Gino's/D'Angelo Card Services, Inc. (0621); D'Angelo's Sandwich Shops, Inc. (7947); Progressive Food, Inc. (6224); D'Angelo Franchising Corporation (8398); and Delops, Inc. (7945). The Debtors' mailing address is 600 Providence Highway, Dedham, MA 02026.

the form attached as **Exhibit A** (the "Proposed Order"): (i) authorizing the Debtors to (a) reject the unexpired leases of nonresidential real property (the "Leases") identified on **Exhibit 1** to the Proposed Order *nunc pro tunc* to the Petition Date (defined below) and (b) abandon any remaining personal property of the Debtors left at the premises subject to the Leases and (ii) granting related relief.  In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Corey D. Wendland in Support of First Day Relief* (the "Wendland Declaration") filed concurrently herewith.[2]  In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     The statutory bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 6006.

---

[2]     Capitalized terms not defined herein are defined in the Wendland Declaration.

**GENERAL BACKGROUND**

4.     On November 5, 2018 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors have requested joint administration of their chapter 11 cases for procedural purposes.  No trustee, examiner, or official committee has been appointed in these cases.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     The Debtors are leading owner-operators of quick-service restaurants in New England under the Papa Gino's and D'Angelo Grilled Sandwiches brands.

6.     Additional detail regarding the Debtors, their business, the events leading to commencement of these cases and the facts and circumstances supporting the relief requested herein is set forth in the Wendland Declaration and is incorporated herein by reference.

**FACTS RELEVANT TO THIS MOTION**

7.     As described in the Wendland Declaration, on November 4, 2018, the Debtors permanently closed 92 of their restaurant locations, comprising 47 Papa Gino's restaurant locations and 45 D'Angelo Grilled Sandwiches restaurant locations, in addition to 3 locations previously closed, and all of which closed locations (the "Closed Locations") are the subject of this Motion.  The Debtors also determined, in consultation with their real estate advisors, Hilco Real Estate, LLC, that, in light of the rents and remaining terms of the leases for the Closed Locations, as well as current market conditions, the leases for the Closed Locations are not marketable and are unlikely to generate any value for the Debtors or their estates. Therefore, in connection with closing the Closed Locations, the Debtors surrendered the leased restaurant premises to the applicable lessors.

8.  Specifically, on or about November 4, 2018, the Debtors sent the keys to the premises of each Closed Location to the applicable lessor or the lessor's property manager or other agent, along with correspondence stating unequivocally the Debtors' intent to immediately terminate the Lease, surrender the leased premises, and abandon any personal property remaining at the premises.[3]  An example of the correspondence sent to each of the lessors or the lessors' property managers or other agents is attached hereto as **Exhibit B**.

9.  Each of the Leases identified on **Exhibit 1** to the Proposed Order is for a Closed Location.  Accordingly, as the Debtors have permanently closed the applicable restaurant, determined that the applicable Lease is not marketable, and surrendered possession of the leased premises, the Debtors request authority to reject the Leases effective as of the Petition Date.

10.  Additionally, in connection with closing the Closed Locations, the Debtors also removed or caused to be removed all personal property from the Closed Locations that the Debtors believe has a material value above the cost of removal and sale or relocation or repurpose (*i.e.*, property that has a material net value to the Debtors).  The Debtors have determined, in an exercise of their business judgment, that all other personal property remaining (the "Remaining Property") at the Closed Locations is too difficult or expensive to remove and store relative to its value.  Furthermore, none of the Remaining Property presents a threat to public health or safety or an imminent threat to the public's welfare.  Indeed, the Remaining Property largely comprises restaurant equipment, tables, chairs and other property typical to

---

[3]  Several of the Closed Locations and Leases identified on **Exhibit 1** were previously closed and the Leases terminated by the Debtors and/or expired or were terminated pursuant to the Lease terms prior to November 4, 2018.  As with all Leases subject to this Motion, the Debtors reserve and preserve all rights and defenses with respect to whether such Leases were terminated and/or expired prior to the Petition Date, and file this Motion to reject the Leases out of an abundance of caution.

restaurants and food service establishments. Accordingly, the Debtors request authority to abandon the Remaining Property at the Closed Locations.

## RELIEF REQUESTED

11. By this Motion, the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached as **Exhibit A:** (i) authorizing the Debtors to (a) reject the Leases identified on **Exhibit 1** to the Proposed Order *nunc pro tunc* to the Petition Date and (b) abandon the Remaining Property left at the Closed Locations subject to the Leases and (ii) granting related relief.[4]

## BASIS FOR RELIEF

**I. The Court should authorize rejection of the Leases *nunc pro tunc* to the Petition Date.**

    **A. Rejection of the Leases reflects a sound exercise of the Debtors' business judgment and should be authorized.**

12. Section 365(a) of the Bankruptcy Code provides that a debtor may, with court approval, assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a). In determining whether to approve a debtor's request to assume or reject an executory contract or unexpired lease, courts generally defer to the debtor's business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor,* 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

---

[4] The Debtors also seek authority, but not direction, to cancel as of the Petition Date any general liability insurance, flood insurance or other insurance required by any Lease or pertaining to Lease premises.

5

13. Courts generally will not second guess a debtor's business judgment concerning rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513. Further, "[s]ection 365 enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

14. Rejecting the Leases reflects a sound exercise of the Debtors' business judgment. As described above and in the Wendland Declaration, the Leases relate to Closed Locations. The Debtors determined to close the Closed Locations after analyzing the performance of their restaurants. Each of the Closed Locations was an underperforming restaurant and represented a strain on the Debtors' operations and liquidity with little or no prospect of meaningful turnaround in light of the Debtors' available resources. The Debtors, in a sound exercise of their business judgment, therefore determined to close the Closed Locations. Further, as discussed above, the Debtors, in consultation with their advisors, determined that the

Leases are not marketable. Moreover, rejecting the leases will allow the Debtors and their estates to avoid the accrual of unnecessary administrative expenses with no foreseeable benefit. Accordingly, as the Debtors have closed each applicable restaurant and determined that each Lease is not marketable, the Debtors no longer have any use for the premises subject to the Leases and have determined, in their business judgment, to reject the Leases.

15. For these reasons, the Court should authorize the Debtors to reject the Leases.

### B. Rejection of the Leases as of the Petition Date is warranted.

16. The Court should authorize rejection of the Leases *nunc pro tunc* to the Petition Date because the Debtors surrendered the premises subject to the Leases prior to the Petition Date. Courts in this district and elsewhere recognize that *nunc pro tunc* rejection is appropriate where the balance of the equities favors such relief. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

17. The balance of the equities favors rejection of the Leases as of the Petition Date. Rejection effective as of the Petition Date will allow the Debtors to avoid the unnecessary burden of lessors asserting or obtaining administrative expense claims for rent or other charges. Furthermore, the lessors will not be prejudiced by rejection as of the Petition Date because the

Debtors surrendered the premises under the Leases prior to the Petition Date. Accordingly, the equities favor rejection as of the Petition Date.

## II. Abandoning the Remaining Property is authorized by section 554(a) of the Bankruptcy Code.

18. Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant here.

19. Any Remaining Property left at the Closed Stores is of inconsequential value to the Debtors' estates, and the costs to the Debtors of removing or storing the Remaining Property will exceed any realistic economic benefit that might be realized by retaining such property. Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that abandonment of any Remaining Property is in the best interest of the Debtors and their estates.

## RESERVATION OF RIGHTS

20. Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtors that exist against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtors' rights under the Bankruptcy Code,

any other applicable law, or any agreement; or (vii) an admission or concession by the Debtors that any lien is valid, and the Debtors expressly reserve and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

## **NOTICE**

21. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to WC Financeco A LLC, the Debtors' debtor-in-possession lender and prepetition secured lender; (d) the lessors under the Leases identified on **Exhibit 1** to the Proposed Order; and (e) any other party that has requested notice pursuant to Local Rule 2002-1(b). The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A**, and grant such other relief as is just and proper under the circumstances.

Dated: November 5, 2018  
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew B. Harvey*
Derek C. Abbott (No. 3376)
Matthew B. Harvey (No. 5186)
Eric W. Moats (No. 6441)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@mnat.com
mharvey@mnat.com
emoats@mnat.com

*Proposed Counsel to the Debtors and Debtors in Possession*