## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PGHC Holdings, Inc., *et al.*, | Case No. 18-12537 (MFW) |
| Debtors.[1] | Jointly Administered |
| | **Hearing Date:**<br>**November 28, 2018 at 3:00 p.m. (ET)**<br>**Objections Due:**<br>**November 21, 2018 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of business (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals") *nunc pro tunc* to the Petition Date (as defined below). In further support of this Motion, the Debtors respectfully represent:

### Jurisdiction

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District

---

[1]    The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: PGHC Holdings, Inc. (4262); Papa Gino's Holdings Corp. (6681); Papa Gino's, Inc. (1264); Papa Gino's Franchising Corp. (2690); Papa Gino's/D'Angelo Card Services, Inc. (0621); D'Angelo's Sandwich Shops, Inc. (7947); Progressive Food, Inc. (6224); D'Angelo Franchising Corporation (8398); and Delops, Inc. (7945). The Debtors' mailing address is 600 Providence Highway, Dedham, MA 02026.

Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The bases for the relief requested herein are sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2014-1.

### Background

4.      On November 5, 2018(the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or creditors committee has been appointed in these Chapter 11 Cases.

5.      A full description of the Debtors' business, corporate structure, and events leading to these chapter 11 cases is set forth in the *Declaration of Corey D. Wendland in Support of First Day Relief* (D.I. 4) (the "First Day Declaration") and is incorporated herein by reference.

### Relief Requested

6.      In the ordinary course of the Debtors' business, the Debtors employ Ordinary Course Professionals, including various attorneys, advisors and consultants.  The Ordinary Course Professionals provide services which are unrelated to the administration of

these Chapter 11 Cases, but are nevertheless important to the day-to-day operation of the Debtors' business.  A list of the Debtors' current Ordinary Course Professionals is attached as **Exhibit 1** to the Proposed Order.[2]

7.      The Ordinary Course Professionals provide services to the Debtors on a variety of issues including, among other things, consulting, and general litigation services. Further, the Ordinary Course Professionals are intimately familiar with the Debtors' business and have institutional knowledge about the Debtors' operations.  Because the Ordinary Course Professionals are an integral part of the Debtors' business (and may be unwilling to provide services to the Debtors postpetition if not paid on a regular basis or if required to adhere to the formal retention and fee requirements), the Debtors believe that their continued employment and compensation subject to the procedures set forth herein is in the best interests of the Debtors' estates, creditors, and other parties in interest.

8.      By this Motion, the Debtors seek to retain and employ the Ordinary Course Professionals without the need to file formal retention or fee applications under sections 327, 328, 329, and 330 of the Bankruptcy Code *nunc pro tunc* to the Petition Date.  Given the significant costs associated with the preparation of these applications in relation to the Ordinary Course Professionals' fees, the Debtors believe that the process set forth herein will be more efficient and less costly for the Debtors' estates.  The Debtors will be relieved of the administrative burden of applying separately to the Court for approval of each Ordinary Course

---

[2]      The Debtors reserve the right to remove and/or retain additional Ordinary Course Professionals in their sole discretion from time to time during these Chapter 11 Cases by filing with the Court and serving on the Notice Parties (as defined below) a list of such additional professionals subject to the same retention and compensation procedures set forth herein.  Further, the inclusion of any person or entity on **Exhibit 1** to the Proposed Order as an Ordinary Course Professional is not intended to be, and should not be deemed, an admission by the Debtors that such person or entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.

Professional's retention and the Court will be relieved of reviewing and approving each such professional's application for compensation and reimbursement of expenses.

9.      The Debtors propose that they be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and expenses of each Ordinary Course Professional upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date (the "Invoice"), provided that such fees and expenses do not exceed for each Ordinary Course Professional on **Exhibit 1** to the Proposed Order, a total of $50,000 per month on an annualized basis. Should the payment of fees and expenses to any one Ordinary Course Professional exceed the limits set forth herein, such Ordinary Course Professional may be required to apply to the Court for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

10.     Each Ordinary Course Professional shall file with the Court a verified statement made pursuant to Rule 2014 of the Bankruptcy Rules, substantially in the form attached as **Exhibit 2** to the Proposed Order (the "Rule 2014 Statement"), and serve such Rule 2014 Statement on the following (collectively, the "Notice Parties"):  (i) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 2nd Floor, 844 King Street, Wilmington, DE 19801; (ii) the Debtors, PGHC Holdings, Inc., 600 Providence Highway, Dedham, MA 02026; (iii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Derek C. Abbott, Matthew B. Harvey, and Eric W. Moats; and (iv) either (a) the persons or entities listed on the Consolidated List of Creditors Holding the

Largest Unsecured Claims, if no official committee of unsecured creditors (a "Committee") has been appointed or (b) the Committee. The Rule 2014 Statement shall set forth the Ordinary Course Professional's connections with the Debtors, the Debtors' creditors, and any other party in interest, including their respective attorneys and accountants.

11.    The Notice Parties shall have fourteen (14) days after service of each Ordinary Course Professional's Rule 2014 Statement to object to the retention of such Ordinary Course Professional (the "Objection Deadline"), which objection shall be served upon the respective Ordinary Course Professional and the Notice Parties on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or on such other date otherwise agreeable to the parties. If no objection is received from the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be deemed authorized to retain such Ordinary Course Professional *nunc pro tunc* to the Petition Date without further notice, hearing, or order of the Court, and to pay such Ordinary Course Professional subject to the limitations set forth herein. Notwithstanding the fourteen (14) day Objection Deadline, upon entry of an Order approving this Motion, the Debtors shall be permitted to make payments to an Ordinary Course Professional that has filed its respective Rule 2014 Statement and that has submitted its Invoice to the Debtors, so long as no objection to the retention of the Ordinary Course Professional has been received at the time of payment.[3]  Should any such payments be made to an Ordinary Course Professional prior to the Objection Deadline, and a timely objection is served after such

---

[3]    The Debtors propose to expedite payment to the Ordinary Course Professionals in order to avoid the undue hardship that will result to such professionals that have been providing postpetition services to the Debtors but remain unpaid.

payment is made and such objection cannot be resolved, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or on such other date otherwise agreeable to the parties.  In the event that the Court does not authorize the retention of the Ordinary Course Professional, such professional shall be required to disgorge any payments received from the Debtors for postpetition services.

12.     The Debtors also request that they be authorized and empowered to employ and retain additional Ordinary Course Professionals during these Chapter 11 Cases should the need arise, without having to file individual retention or compensation applications for each, by filing with the Court and serving on the Notice Parties a supplement to Exhibit 1 to the Proposed Order and without the need for any further hearing or notice to any other party. Any such additional Ordinary Course Professional shall be subject to the same procedures set forth herein, including the requirement to file and serve a Rule 2014 Statement.

13.     Beginning on February 28, 2019, and in three-month intervals thereafter while these Chapter 11 Cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the immediately preceding three-month period, which shall include the following information about them: (i) name; (ii) aggregate amount paid during that time period; and (iii) a general description of the services rendered to the Debtors.

### Basis for Relief Requested

14.     Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts generally consider whether such entity is involved in

the actual reorganization effort, rather than a debtor's ongoing business operations.  See In re First Merchs. Acceptance Corp., 1997 WL 873551, at *2–3 (D. Del. Dec. 15, 1997); In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.").  In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

a.  whether the entity controls, manages, administers, invests, purchases or sells the assets that are significant to the debtor's reorganization;

b.  whether the entity is involved in negotiating the terms of a plan of reorganization;

c.  whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.  whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.  the extent of the entity's involvement in the administration of the debtor's estate; and

f.  whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See, e.g., In re First Merchs. Acceptance Corp., 1997 WL 873551, at *3.

15.  Consistent with these factors, other courts have held that only those professionals intimately involved with administration of the debtor's estate or the actual reorganization of the debtor's business must obtain prior court approval for their retention under section 327 of the Bankruptcy Code.  See, e.g., In re Johns-Manville Corp., 60 B.R. at 619 (finding that only those professionals involved in the actual reorganization effort, rather than the

7

debtor's ongoing business, require approval under section 327); In re That's Entm't Mktg. Group, Inc., 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code).

16.     Based on these considerations, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327 of the Bankruptcy Code because their services are not directly related to the administration of the Debtors' bankruptcy cases, but rather are connected to the Debtors' ongoing business operations. These services are ordinarily provided by such professionals and would have continued to be provided regardless of the Debtors' bankruptcy filing.  However, in an abundance of caution given the essential nature of the Ordinary Course Professionals' services to the Debtors' business, the Debtors seek the relief requested in this Motion to establish procedures for their retention and payment to avoid any subsequent controversy with respect thereto.  The Court is authorized to grant such relief under section 105(a) of the Bankruptcy Code.

17.     Further, the Debtors' request to establish these procedures is not unusual and courts in this district have granted the same or similar relief in other chapter 11 cases.

18.     Further, the Ordinary Course Professionals may be unwilling to continue to provide services to the Debtors if they are only able to be paid through the formal application process.  Their continued retention is essential because of their unparalleled understanding of the Debtors' business, its employees, and the particular areas and matters for which they were responsible prior to the Petition Date.  Although some of the Ordinary Course Professionals may hold unsecured prepetition claims against the Debtors in connection with services rendered prepetition, the Debtors do not believe that any of the Ordinary Course Professionals have an

interest materially adverse to the Debtors as a result, and in any event, the Ordinary Course Professionals will be required to attest to this before being compensated in their Rule 2014 Statement.

19.     Without the Ordinary Course Professionals' services, the Debtors would incur additional and unnecessary expenses because they would be forced to retain other professionals who lack the Ordinary Course Professionals' background and expertise.  Therefore, the Debtors believe that it is in the best interest of the Debtors' estates, the Debtors' creditors, and all other parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the procedures set forth herein to prevent any disruption in the services that are required for the Debtors' day-to-day operations.

20.     The Debtors request retention of the Ordinary Course Professionals *nunc pro tunc* to the Petition Date.  Such relief is warranted by the extraordinary circumstances presented by these cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  See Matter of Arkansas Co., 798 F.2d 645, 650 (3d Cir. 1986); see also In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989).  The intense activity and speed that have characterized these cases have necessitated that the Debtors and its Ordinary Course Professionals focus their immediate attention on time-sensitive matters and promptly devote substantial resources to the affairs of the Debtors pending submission and approval of this Motion.

## Notice

21.     The Debtors have provided notice of this Motion to: (a) the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) each of the Ordinary Course Professionals

listed on **Exhibit 1** to the Proposed Order attached hereto as **Exhibit A**; (d) the Internal Revenue Service; and (e) any party who has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: November 7, 2018          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      Wilmington, Delaware

                              */s/ Matthew B. Harvey*
                              Derek C. Abbott (No. 3376)
                              Matthew B. Harvey (No. 5186)
                              Eric W. Moats (No. 6441)
                              1201 N. Market Street, 16th Floor
                              P.O. Box 1347
                              Wilmington, Delaware 19899-1347
                              Telephone: (302) 658-9200
                              Facsimile: (302) 658-3989
                              dabbott@mnat.com
                              mharvey@mnat.com
                              emoats@mnat.com

                              *Proposed Counsel to the Debtors and*
                              *Debtors in Possession*