**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>PGHC Liquidating, Inc., *et al.*,<br>f/k/a/ PGHC Holdings, Inc.,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 18-12537 (MFW)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>**August 21, 2019 at 10:30 a.m. (ET)**<br>**Objection Deadline:**<br>**July 31, 2019 at 4:00 p.m. (ET)** |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the periods during which (1) the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by 90 days from July 5, 2019 to October 3, 2019, and (2) the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") by 90 days from September 5, 2019, to December 4, 2019. In support of the Motion, the Debtors respectfully

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal EIN, are as follows: PGHC Liquidating, Inc. (f/k/a PGHC Holdings, Inc.) (4262); PGH Liquidating, Inc. (f/k/a Papa Gino's Holdings Corp.) (6681); PG Liquidating, Inc. (f/k/a Papa Gino's, Inc.) (1264); PGFC Liquidating, Inc. (f/k/a Papa Gino's Franchising Corp.) (2690); PGDACS Liquidating, Inc. (f/k/a Papa Gino's/D'Angelo Card Services, Inc.) (0621); DASS Liquidating, Inc. (f/k/a D'Angelo Sandwich Shops, Inc.) (7947); PGPF Liquidating, Inc. (f/k/a Progressive Food, Inc.) (6224); DAFC Liquidating, Inc. (f/k/a D'Angelo Franchising Corporation) (8398); and PGDI Liquidating, Inc. (f/k/a Delops, Inc.) (7945). The Debtors' mailing address is 600 Providence Highway, Dedham, MA 02026.

represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein is section 1121(d) of the Bankruptcy Code and Local Rule 9006-2.

## GENERAL BACKGROUND

4. On November 5, 2018 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. No trustee or examiner has been appointed in these cases. On November 16, 2018, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee") (D.I. 81). The Debtors continue to administer these chapter 11 cases as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtors were owner-operators of quick-service restaurants in New England under the Papa Gino's and D'Angelo Grilled Sandwiches brands.

6. Additional detail regarding the Debtors, their business, the events leading to commencement of these cases and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Corey D. Wendland in Support of First Day Relief* (D.I. 4).

7. On January 28, 2019, the Court entered the *Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Interests, Claims, and Encumbrances; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Certain Related Relief* (D.I. 288), authorizing the Debtors to sell substantially all of their assets (the "Sale") to the Lender's designee, WC Purchaser LLC (the "Buyer") pursuant to the terms of the Stalking Horse APA, as amended. The Sale closed on February 11, 2019.

8. On February 22, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Exclusive Periods for During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* (D.I. 344) (the "First Exclusivity Motion").

9. On March 13, 2019, the Court entered an order granting the First Exclusivity Motion (D.I. 388), extending the Exclusive Filing Period through and including July 5, 2019, and extending the Exclusive Solicitation Period through and including September 5, 2019.

10. On March 19, 2019, the Court entered the *Order (I) Establishing Certain Bar Dates for Filing Prepetition Claims and Administrative Expense Claims, and (II) Granting Related Relief, Including Notice and Filing Procedures* (D.I. 409) establishing the bar dates for general and administrative claims as thirty days from when the Debtors serve notice of the bar dates (the "Bar Date").

11. Since the Sale closed, the Debtors have focused their efforts on matters under the transition services agreement and designation rights associated with the Sale, and have now transferred substantially all of the leases and contracts subject to the designation rights (save for the leases of one counterparty as of the date of this Motion). The Debtors have also analyzed and evaluated the currently known universe of administrative and priority claims against their estates and worked on developing a wind-down budget to determine whether a liquidating chapter 11 plan is practicable under the circumstances. Additionally, the Committee's professionals have evaluated whether certain claims or causes of action should be preserved and pursued in connection with a potential plan. Based on these analyses, the Debtors intend to evaluate, in consultation with the Committee and with their debtor-in-possession lender, whether pursuing a plan of liquidation is practicable, or if another disposition of these cases should be pursued.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the Exclusive Filing Period by 90 days through and including October 3, 2019, and the Exclusive Solicitation Period by approximately 90 days through and including December 4, 2019, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## BASIS FOR RELIEF

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes and files a plan within the initial 120-day exclusive period, the debtor then has until 180 days after the commencement of the chapter 11 case to solicit and obtain acceptances

of such plan.  Pursuant to section 1121(d)(1) of the Bankruptcy Code, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."[2]

14. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement" with its creditors.  H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); *In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility.").  To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See, e.g.*, *McLean*, 87 B.R. at 833–34; *In re Texaco, Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

15. The decision to extend a debtor's exclusive periods is committed to the bankruptcy court's sound discretion, guided by the facts and circumstances of each case.  *See, e.g.*, *First Am. Bank of N.Y. v. S.W. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).  Courts consider a variety of factors in determining whether "cause" exists to warrant an extension of the exclusive periods, including:  (a) the size and complexity of the case; (b) the debtor's progress in resolving issues facing the estate; and (c) whether an extension of time will harm the debtor's creditors.  *See, e.g., In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405,

---

[2] Such extensions are capped by section 1121(d)(2) of the Bankruptcy Code, which limits any extension of the exclusive filing period to eighteen (18) months after the petition date and any extension of the solicitation period to twenty (20) months after the petition date.

409–10 (E.D.N.Y. 1989) (listing factors); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997) (citing *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)). The existence of good faith progress and the need for additional time to continue such progress are particularly significant factors that establish cause for extending the exclusive periods under section 1121(d) of the Bankruptcy Code. *See Express One Int'l, Inc.*, 194 B.R. at 101; *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986).

16. Cause exists to extend the Exclusive Periods in these chapter 11 cases. Since the filing of the First Exclusivity Motion, the Debtors and their professionals have made significant progress in moving the case to a successful completion, including spending considerable time addressing numerous issues involving customers, creditors, and other parties in interest. Notably, the Debtors have, among other things: (a) obtained approval to set a bar date through the Bar Date Order; (b) completed substantially all post-closing obligations related to the Sale and the related transition services agreement; (c) transferred substantially all of the leases and contracts subject to designation rights; (d) negotiated resolutions of, or otherwise addressed, numerous administrative or priority claims; (e) performed an analysis of known administrative and priority claims; and (f) formulated a wind-down budget for evaluating wind-down alternatives. Additionally, as mentioned above, the Committee has evaluated whether certain estate causes of action should be preserved or pursued under a plan.

17. The extension request is reasonable, and is consistent with the efficient prosecution of the chapter 11 cases as it will allow the Debtors to complete, in consultation with the Committee and their debtor-in-possession lender, the analysis of whether to pursue a plan or other disposition of these cases.

18.

19. For these reasons, the Debtors submit that sufficient cause exists to extend the Exclusive Filing Period through and including October 3, 2019, and the Exclusive Solicitation Period through and including December 4, 2019.

### AUTOMATIC EXTENSION UNDER LOCAL RULE 9006-2

20. Pursuant to Local Rule 9006-2, the Exclusive Periods shall automatically be extended until the Court acts on this Motion, without the necessity for entry of a bridge order.

### NOTICE

21. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel the Buyer; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b). The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A**, and grant such other relief as is just and proper under the circumstances.

Dated: July 3, 2019  
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  /s/ Eric W. Moats  
Derek C. Abbott (No. 3376)  
Matthew B. Harvey (No. 5186)  
Eric W. Moats (No. 6441)  
1201 N. Market Street, 16th Floor  
P.O. Box 1347  
Wilmington, Delaware 19899-1347  
Telephone: (302) 658-9200  
Facsimile: (302) 658-3989  
dabbott@mnat.com  
mharvey@mnat.com  
emoats@mnat.com

*Counsel to the Debtors and Debtors in Possession*