IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PGHC Liquidating, Inc., *et al.*,<br>f/k/a/ PGHC Holdings, Inc.,<br><br>Debtors.<sup>1</sup> | Chapter 11<br><br>Case No. 18-12537 (MFW)<br><br>Jointly Administered<br>**Re: D.I. 600** |

**INITIAL ORDER (I) ESTABLISHING PROCEDURES WITH RESPECT TO ADMINISTRATIVE AND 503(b)(9) CLAIMS AND FINAL FEE APPLICATIONS; (II) AUTHORIZING THE DEBTORS TO MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED ADMINISTRATIVE CLAIMS AND ALLOWED 503(b)(9) CLAIMS; (III) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (IV) AUTHORIZING PROCEDURES FOR DISMISSING THE DEBTORS' CHAPTER 11 CASES AND DISSOLVING THE DEBTORS IN ACCORDANCE WITH APPLICABLE STATE LAW; AND (V) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for Entry of an Initial Order and a Further Order (I) Establishing Procedures With Respect to Administrative and 503(B)(9) Claims and Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Administrative Claims and Allowed 503(B)(9) Claims; (III) Authorizing the Debtors to Abandon Certain Property; (IV) Dismissing the Debtors' Chapter 11 Cases; (V) Authorizing the Debtor Entities to Be Dissolved in Accordance With Applicable State Law; and (VI) Granting Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal EIN, are as follows: PGHC Liquidating, Inc. (f/k/a PGHC Holdings, Inc.) (4262); PGH Liquidating, Inc. (f/k/a Papa Gino's Holdings Corp.) (6681); PG Liquidating, Inc. (f/k/a Papa Gino's, Inc.) (1264); PGFC Liquidating, Inc. (f/k/a Papa Gino's Franchising Corp.) (2690); PGDACS Liquidating, Inc. (f/k/a Papa Gino's/D'Angelo Card Services, Inc.) (0621); DASS Liquidating, Inc. (f/k/a D'Angelo Sandwich Shops, Inc.) (7947); PGPF Liquidating, Inc. (f/k/a Progressive Food, Inc.) (6224); DAFC Liquidating, Inc. (f/k/a D'Angelo Franchising Corporation) (8398); and PGDI Liquidating, Inc. (f/k/a Delops, Inc.) (7945). The Debtors' mailing address is 600 Providence Highway, Dedham, MA 02026.

*Relief* (the "Motion")[2] for entry of an order, pursuant to sections 105(a), 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1017, 2002, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

 1. The Motion is GRANTED as set forth herein.

 2. Notwithstanding any provisions of the Interim Compensation Order to the contrary, all Professionals shall file final fee applications for Professional Fees twenty-one (21) days after service of a notice of final fee hearing by the Debtors (the "Notice of Final Fee Hearing"). Any objections to the Final Fee Applications shall be filed, and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed, within fourteen (14) days after the filing and service of the subject Final Fee Application. The Notice of Final Fee Hearing will include the date provided by the Court for the hearing, if necessary, on any disputes related to Final Fee Applications. The Notice of Final Fee Hearing

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

shall be filed on the docket in these Chapter 11 Cases and served on all Professionals and the U.S. Trustee and no further notice shall be required.

3. After Final Fee Applications have been heard, allowed Professional Fees have been paid, and U.S. Trustee fees have been calculated and reserved, the Debtors (i) are authorized to distribute payments to holders of Allowed Administrative Claims and Allowed 503(b)(9) Claims after the Administrative Claim Bar Date and the 503(b)(9) Claim Bar Date, and (ii) shall file all monthly operating reports and pay all U.S. Trustee fees in full.

4. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any remaining Books and Records in their possession; <u>provided</u>, <u>however</u>, that any documents containing personally identifiable information must be shredded.

5. As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of Professional Fees, payment of Allowed Administrative Claims and Allowed 503(b)(9) Claims, and remittance of any remainder to the Secured Lender, the Debtors shall file a certification (the "<u>Certification</u>") of counsel requesting entry of the Dismissal Order attached hereto as **Exhibit 1**.  Among other things, the Certification must report that (a) all U.S. Trustee fees have been paid in full and all Monthly Operating Reports have been filed; (b) the Professional Fees incurred in the Chapter 11 Cases have been approved and paid in full; and (c) Allowed Administrative Claims and Allowed 503(b)(9) Claims have been satisfied in full.  A distribution schedule setting forth the Allowed Administrative Claims and Allowed 503(b)(9) Claims shall be filed on the docket in these Chapter 11 Cases no later than seven (7) days prior to the date that the Certification is filed.

6. The Certification shall be served only on the Notice Parties and no further notice

regarding the dismissal of the Chapter 11 Cases shall be required. The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

7. Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed in accordance with the provisions of this Order.

8. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: September 30th, 2019**
**Wilmington, Delaware**

4

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**